# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

*United States Courts*
*Southern District of Texas*
*FILED*

FEB 0 2 2012

David J. Bradley, Clerk of Court

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Apple iPhone cellular phone, serial number unknown | )<br>)<br>)  Case No. CR-H-12-090M<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the \_\_\_Southern\_\_\_ District of \_\_\_Texas\_\_\_ *(identify the person or describe property to be searched and give its location)*: Apple iPhone cellular phone, black in color with silver border, serial # unknown, Harris County Constable Precinct #4 Case #12-6235, Property Item #12, located in HCP 4 evidence vault.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: Any information and/or pictures/video recordings relating to known associates or contacts, communication or call history, or other evidence relating to the burglary of the premises of a federal firearms licensee.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of \_\_18\_\_ U.S.C. § \_\_922 (u)\_\_, and the application is based on these facts: See Attachment

☑ Continued on the attached sheet.
☐ Delayed notice of \_\_\_ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Anthony A. Johnston, Special Agent, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: 2-2-12

_____
Judge's signature

City and state: Houston, Texas

Nancy K. Johnson, United States Magistrate Judge
Printed name and title

AFFIDAVIT

CR-H-12-090M

I, Special Agent Anthony Johnston, being duly sworn, do hereby depose and state that I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, and have been so employed for eleven years. As a result of my training and eleven year's experience as a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives, I am familiar with the federal firearm laws and know that it is a violation of 18 USC 922(u), for any person to steal from a person or premises of a person who is licensed to engage in the business of dealing in firearms, any firearm in the licensee's business inventory that has been shipped or transported in interstate or foreign commerce.

The information set out in the paragraphs below, furnished in support of this affidavit, is derived from my own observations, training and experience, and upon statements made by witnesses and/or other law enforcement officers to your affiant. Specifically, your affiant has gathered personal information that:

On January 4, 2012, Amex Pawn, located at 12303 Veterans Memorial, Houston, Texas, was burglarized. Suspects stole approximately 131 firearms. Video surveillance footage provided by Amex Pawn shows unidentified suspects entering the back office area of the business through the ceiling in order to disable the alarm system. After the system is disabled, video surveillance footage shows one (1) suspect, later identified as Jesus Rendon, entering the front counter area of the business by climbing down a ladder that was lowered through another area in the ceiling. Investigators later learned that Rendon entered the owner's office and disabled the surveillance cameras.

On January 12, 2012, Valu Plus Pawn, located at 10790 FM 1960 Rd W, Houston, Texas, was burglarized. Video surveillance footage provided by Valu Plus Pawn shows several suspects, two (2) of whom were later identified as Jesus Rendon and Christian Carbajal, inside of the business loading items onto a pallet jack. An unidentified suspect is seen talking on a hand held radio.

On January 14, 2012, three (3) suspects were arrested in the Attempted Burglary of Jet Pawn, located at 6135 FM 2920, Spring, Texas. Harris County Constable Precinct 4 (HCP 4) Deputy Romeril responded to a burglar alarm at 1:32 am, at Jet Pawn. While responding, she was informed of a previous burglary of a pawn shop two (2) days prior where the alarm had activated at approximately the same time and during which the burglars had utilized a U-haul moving truck. Further, Deputy Romeril was informed that the burglars had affected entry through the roof of the pawn shop. Upon arriving at Jet Pawn, she observed a U-haul moving truck parked in the parking area of the west end of the building. The U-haul truck was unlocked with the key in the ignition. Deputy Romeril observed chains, jacks, ropes, a sledge hammer, and bolt cutters in the rear cargo bay of the truck, which was also open.

Deputy Romeril checked and cleared the U-haul truck and interior of Jet Pawn. Deputy Romeril noticed a spot inside Jet Pawn where some insulation appeared to have been pushed down from its normal place.

United States Courts
Southern District of Texas
FILED

FEB 0 2 2012

David J. Bradley, Clerk of Court

AFFIDAVIT

Due to the height of the roof, HCP 4 deputies requested ladder assistance from the fire department. Deputies climbed the ladder to the roof of Jet Pawn and found the following three (3) suspects laying face down on the roof: 1) Guillermo ANDERSEN, W/M, DOB 1/17/73, Jesus RENDON, W/M, DOB 3/4/85, and 3) Cristian CARBAJAL, W/M, DOB 7/2/87. After these three (3) suspects were detained, a search of the roof revealed a collapsible ladder, two-way handheld radios, and a bag containing black gloves, black ski masks, saws, drills, and other tools that could be used to gain entry through the metal roof. Deputies noticed that some of the fastening screws were missing from the roof, and subsequently found thirty-two (32) screws, that were consistent in size, length, and color of the missing screws, in the suspects' tool bag. Deputies discovered that the wires had been cut to Jet Pawn's main alarm box. Three (3) cell phones were seized from the suspects. All three (3) were arrested by the HCP 4 deputies for Attempted Burglary of a Building and Auto Theft. An Immigration and Customs Enforcement (ICE) detainer was subsequently placed on each suspect as each is unlawfully in the United States.

During the initial response to the alarm at Jet Pawn, a call was received at the 911 emergency center to report that police officers were chasing individuals in relation to a burglary. One (1) patrol unit remained at Jet Pawn while the other patrol units began responding to the location provided by the anonymous 911 caller. Deputies attempted to contact the anonymous caller, in an effort to gather more information, however, the caller hung up and refused to answer his phone upon learning it was the police. Deputies communicated with one another and determined that no patrol unit had been in pursuit of fleeing suspects. Deputies returned to Jet Pawn and concluded that the anonymous 911 caller had attempted to divert the police away from Jet Pawn to allow the escape of the three (3) suspects on the roof. This conclusion was confirmed after deputies found the phone number of the 911 caller listed in the cell phone of one (1) of the suspects.

After the suspects were arrested, Cristian Carbajal asked deputies for the return of his cell phone. Carbajal made repeated requests that his cell phone accompany him (Carbajal) to the jail. After HCP 4 deputies learned that at least two (2) suspects had fled the scene prior to police arrival, they (HCP 4) placed all three (3) of the suspects' cell phones into evidence. Upon being told by HCP 4 deputies that his (Carbajal's) cell phone had been placed into evidence, Carbajal became belligerent with the arresting deputies.

On January 19, 2012, ATF SA Rosanna Teneyuque interviewed suspect Jesus Rendon in the Harris County Jail (HCJ). Rendon waived his constitutional rights and made the following oral statements:

There were at least seven (7) individuals who burglarized Amex Pawn, at least five (5) individuals who burglarized Valu Plus Pawn, and at least five (5) individuals who were involved in the Attempted Burglary of Jet Pawn. The same five (5) suspects who burglarized Valu Plus Pawn and Jet Pawn were also involved in the Amex Pawn burglary.

AFFIDAVIT

Miguel LNU was one (1) of the leaders of the group. Miguel LNU called the shots and instructed the others on what to do. Miguel LNU was present at each of the three (3) listed burglaries/attempted burglary, as were Carbajal, Andersen, and himself (Rendon).

Miguel LNU's cell phone number is listed in his (Rendon's) cell phone.

The cellular phones are further described as follows:

> An Apple iPhone, black in color with a silver border around the screen, HCP 4 Case #12-6235, Property Item #12.
>
> A Motorola cellular phone, black in color, serial #364VLS4TZF, HCP 4 Case #12-6235, Property item #13.
>
> A Samsung cellular phone, black in color, serial #A000002A481B3A, HCP 4 Case #12-6235, Property item #14. (belonging to suspect Rendon)

For purposes of preserving evidence, I and other law enforcement officers have not attempted further disassembly of the cellular phones or removal of the battery covers or batteries to obtain additional identifiers associated with each cellular phone, such as model or serial numbers in some instances.

I know, based on my training and experience, that cellular telephones are used by criminals for communication before, during, and after the commission of their crimes, often in furtherance of their criminal activities. I also know, based on my training and experience, that cellular phones are used to store the names of people in communication with the device in the operating system contact list, text registry, and/ or other directories, as well as the name of the person to whom the phone and storage device are registered. Written documents are also commonly found stored in cellular phones that bear the name of the person who wrote them. Evidence of communication to and from individuals, including identifying information, is commonly found in a cellular phone's address book entries and call and/or text histories. Furthermore, pictures and videos are often stored in cellular telephones showing individual contacts and/or associates, tools utilized in the commission of crimes, and/or contraband obtained from past criminal acts. I know that persons who steal firearms commonly maintain photographs of themselves with said firearms, and that it is common for individuals to take and store these pictures on their cellular phones. The above information is used for indicia of ownership to establish the identity of the person(s) in control of the particular cellular phone. I believe that each of the suspects had entered the cell phone number of the other suspects into his phone to facilitate the burglaries. I request a search warrant for all of the items listed above that are stored in cellular phones, which I believe will provide evidence of the burglaries of Valu Plus Pawn, Amex Pawn, and the Attempted Burglary of Jet Pawn, and of association and/or communication with other suspects involved in these crimes.

Based on my training and experience, in order to completely and accurately retrieve data maintained on the cellular phones, to ensure accuracy and completeness of such data, and

AFFIDAVIT

to prevent the loss of the data either from accidental or programmed destruction, it is often necessary that the cellular phone be copied or examined by a qualified specialist. If authorized to search the above-described three (3) cellular phones, the forensic analyst will conduct the search within approved forensic guidelines that will safeguard the integrity of the original data stored on the phones hard drive. In addition, I will obtain specific identifiers that are associated with the phones upon examination.

Based on the totality of the circumstances, I believe probable cause exists to believe that Guillermo Andersen, Cristian Carbajal, Jesus Rendon, and others were involved in burglaries and an attempted burglary of the premises of federal firearms licensees. Furthermore, I believe that probable cause exists to believe that the stored data in the above-described three (3) suspects' cellular phones contain identifying information of additional suspects involved in the burglaries, evidence of communications between these same criminal associates, and/or other evidence of the burglaries.

_____
Anthony A. Johnston
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to and subscribed to me this 2nd day of February, 2012, and I find that probable cause exists.

_____
Nancy K. Johnson
United States Magistrate Judge